## · WILLIAM MUNROE *versus* DAVID T. BRIGHAM *et al.*

A verdict will not be set aside on the ground, that one of the jurors was more than sixty-five years old, and that this fact was not known to the party objecting before the verdict was returned; for persons of that age are not absolutely disqualified from serving as jurors, by Revised Stat. *c.* 95, § 2, but are only exempted from serving, at their own election, and made liable to exception, by either party, when the jury is empannelled.

THIS was a complaint against a mill-owner for flowing the land of the complainant. At the trial, in the Common Pleas, before *Strong* J., the jury having returned a verdict for the complainant, the defendants objected to its acceptance, on the ground that the foreman of the jury, at the time when he was drawn as a juror, was more than sixty-five years of age, and that this fact was not known to the defendants before the verdict was returned.

The judge overruled the objections, and accepted the verdict ; and the defendants excepted.

*Oct. 5th.*      *C. Allen*, for the defendants, cited Revised Stat. *c.* 95, § 1, 2, 30 ; *Amherst* v. *Hadley*, 1 Pick. 38, and cases cited ; *Brewer* v. *Tyringham*, 14 Pick. 196.

*Washburn*, for the complainant, cited *Brown, ex parte*, 8 Pick. 504 ; Jacob's Law Dict. *Jury*, 2 ; 2 Hawk. P. C. *c.* 43, § 26 ; Fitzh. N. B. 165, 166.

*Oct. 9th.*      SHAW C. J. The only question in this case is, whether it is a good ground to set aside a verdict, that one of the jurors was over sixty-five years of age, that fact not being known at the time. This depends upon the construction of the Revised . Statutes, *c.* 95. The 1st section enacts, that all persons qualified to vote in the choice of representatives shall be liable to be drawn as jurors, except as thereafter provided. The next section provides, that the following persons shall be exempted &c., "and all persons who are more than sixty-five years old." Several other sections have a bearing upon the subject, but not very direct. The 4th section provides, that selectmen shall place the names of persons not exempted, in the jury box ; but this is only directory to those officers, and does not imply a disability on the part of jurors exempted. The 9th section

directs, that when the names of persons exempted are drawn from the box, their names shall be returned into the box, thereby implying, that they are under no personal disability, but only not liable to serve at that time.   This conclusion is strengthened by the consideration, that the same rules apply to all persons exempted, whilst it is obvious that in many cases, as in those of preceptors, cashiers and ferrymen, the exemption is only temporary.   On the whole, the Court are of opinion, that the statute does not declare all persons exempted, incapable or disabled absolutely to serve as jurors, so that a verdict rendered by a jury, in which a person exempted shall sit without exception, shall be void ;  but only that all such persons shall be exempted from serving, at their own election, and shall be liable to be excepted to, by either party, if the exception be taken at the empannelling of the jury.   At the argument, the case of *Brewer* v. *Tyringham*, 14 Pick. 196, was cited and relied on.   There the exception was overruled, on the ground that the service on a sheriff's jury was not a service within three years, within the meaning of the statute.   From this it was argued, that if it had been within three years, the exception would have been allowed.   This is not a strictly correct conclusion, because if there be one good reason assigned for a decision, it affords no implication that all others which have been urged in argument are insufficient.   But further, the argument in that case was founded upon the peculiar phraseology of the statute of 1824, *c.* 119, which declared, that no person should be eligible to serve as a juror, more than once in three years, unless as a talesman ; and "ineligible" might be held equivalent to "incompetent."   The words of the Revised Statutes are different, and may well admit of a different construction.   Upon general grounds, unless peremptorily required by statute, it would be inconsistent with the purposes of justice to allow such an exception to a juror.   Every person, whose name is placed in the jury box, must, if he live, arrive at the age of sixty-five.   The fact may not be known to the returning officers, or may occur between the draft and the return.   The juror himself may not know of his right to claim an exemption, and may very innocently answer to his name, and be sworn on the pannel.   Where no other incapacity exists,

Munroe
*v.*
Brigham.

and no injustice is done, nothing but a positive rule of law would seem to require that a verdict should, on that account, be set aside. The case is within the spirit, if not within the letter of the 30th section, which enacts, that no irregularity in any writ of *venire facias*, or in the drawing, summoning, returning or empannelling of jurors, shall be sufficient to set aside a verdict, unless the party making the objection be injured by the irregularity, or unless the objection was made before the returning of the verdict.

*Exception overruled, and judgment of the Court of Common Pleas affirmed.*